UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS FLORES, LAWRENCE BARTLEY,
DEMETRIUS BENNETT, L'MANI DELIMA,
EDGARDO LEBRON, ANTONIO ROMAN,
DONTAE QUINONES and SHAROD LOGAN, on
behalf of themselves and all others similarly situated,

                  Plaintiffs,

                  -against-

TINA M. STANFORD, as Chairwoman of the New
York State Board of Parole; WALTER W. SMITH, as
Commissioner of the New York State Board of Parole;
JOSEPH P. CRANGLE, as Commissioner of the New
York State Board of Parole; ELLEN E. ALEXANDER,
as Commissioner of the New York State Board of
Parole; MARC COPPOLA, as Commissioner of the
New York State Board of Parole; TANA AGOSTINI,
as Commissioner of the New York State Board of
Parole; CHARLES DAVIS, as Commissioner of the
New York State Board of Parole; ERIK BERLINER, as
Commissioner of the New York State Board of Parole;
OTIS CRUSE, as Commissioner of the New York State
Board of Parole; TYECE DRAKE, as Commissioner of
the New York State Board of Parole; CARYNE
DEMOSTHENES, as Commissioner of the New York
State Board of Parole; MICHAEL CORLEY, as
Commissioner of the New York State Board of Parole;
CHANWOO LEE, as Commissioner of the New York
State Board of Parole; SHEILA SAMUELS, as
Commissioner of the New York State Board of Parole;
ELSIE SEGARRA, as Commissioner of the New York
State Board of Parole; and CARLTON MITCHELL, as
Commissioner of the New York State Board of Parole,

                  Defendants.
------------------------------------------------------------------X

18-cv-2468(VB)(JCM)
SO-ORDERED
STIPULATION OF
CONFIDENTIALITY AND
~~PROPOSED~~ PROTECTIVE ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/2020

      WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order of correctional institutions, or (b) contain information that is confidential under state or federal law;

**IT IS HEREBY STIPULATED AND AGREED** that:

1. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2. The parties may designate as confidential documents produced from the records of any party, including Plaintiffs, current or former Defendants, the New York State Department of Corrections and Community Supervision ("DOCCS") and the Board of Parole (the "Board") if disclosure of the information contained therein would jeopardize the safety, security or good order of correctional institutions, contain personal or identifying information of Plaintiffs, DOCCS or Board employees or of inmates or other non-parties, and/or contain information that is designated confidential under state or federal law, and which shall be referred to hereafter as "Confidential Material." If a document is of the type that may be obtained by Plaintiffs pursuant to 9 CRR-NY 8000.5, then to the extent the document is designated Confidential Material by any party, the designation may be removed at the request of the Plaintiff to whom the document pertains.

3. Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation of Confidentiality and Protective Order or as otherwise ordered by the Court.

4. Access to the Confidential Material shall be limited to:

   a. Attorneys for Plaintiffs;

   b. Attorneys for Defendants;

   c. Employees and independent contractors of the respective counsel for Plaintiffs or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

   d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective counsel for Plaintiffs or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation of Confidentiality and Protective Order and shall execute the Certification annexed hereto;

   e. Individual employees of the Board and DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with the Board or DOCCS;

   f. Any other person who was an author, sender, addressee, designated recipient, or source of the Confidential Material;

   g. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective counsel for Plaintiffs or Defendants;

   h. The Court and supporting personnel;

   i. All deposition or trial witnesses in this action, including counsel for such witnesses, to the extent that Confidential Material is reasonably believed or expected to relate to the witnesses' testimony except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation of Confidentiality and Protective Order and shall execute the Certification annexed hereto;

   j. Plaintiffs, to the extent that the document is directly relevant to the claims or defenses in this action; and

   k. Defendants, to the extent that the document is directly relevant to the claims or defenses in this action.

   5.  Unless provided by the Court or consented to in writing by Defendants, counsel

may not provide a copy or allow a copy of any Confidential Material to be given to any Plaintiff. Plaintiffs' and Defendants' counsel may show and discuss Confidential Material with Plaintiffs or Defendants to the extent necessary to prepare for the litigation of this Action.

6. For Confidential Material that contains personally identifiable information (*e.g.*, addresses and phone numbers) pertaining to Plaintiffs, Defendants, current or former employees of DOCCS or the Board, and third-parties, counsel may designate such information "Highly Confidential." A designation of "Highly Confidential" means that it is for "attorneys' eyes only" and shall not be released or disclosed in any manner to any other person, including Plaintiffs, who do not fall under Paragraph 4(a) – (j). Plaintiffs' counsel may not show or discuss Highly Confidential Material with Plaintiffs. If Plaintiffs' counsel wishes to show or discuss portions of a document designated Highly Confidential that are not Highly Confidential, Plaintiffs' counsel shall make a request in writing to counsel for the designating party with proposed redactions to the document. Counsel for the designating party shall consider whether to approve the proposed redactions. Counsel shall in good faith attempt to resolve such conflict. If counsel for the designating party approves of the proposed redactions, Plaintiffs' counsel may show or discuss the document with those redactions applied. If, however, the conflict cannot be resolved among counsel, Plaintiffs' counsel shall, within thirty (30) days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Highly Confidential Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7. All transcripts of depositions taken in this Action will be treated as Highly Confidential Material in their entirety for thirty (30) days after a full and final copy of the deposition transcript is provided to adverse counsel by the party taking the deposition. During that thirty (30) day period, either party may designate as Confidential or Highly Confidential Material

4

any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 and 6 herein, and such designation must be provided to adverse counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential or Highly Confidential Material.

8. To the extent counsel obtained through this litigation copies of documents described in paragraphs 2 or 6 herein prior to the date of this Agreement and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential or Highly Confidential Material. This provision shall not apply to any materials obtained outside of this litigation (*e.g.*, through Freedom of Information Law requests).

9. For health care or mental health care records that contain personally identifiable information concerning any employee of the Board or DOCCS, or any inmate who is or was in the custody of DOCCS, it is understood that the names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee or third party who has not provided the Board or DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents. Nothing herein will be deemed a waiver of any parties' objections to producing health care, mental health care or employment records in this action.

10. Confidential or Highly Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties, provided, however, that, in the event that counsel intends to produce documents containing Confidential or Highly Confidential Material or that contain Confidential or Highly Confidential

5

Material obtained from such documents in response to such order, counsel shall serve notice of such order upon adverse counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give adverse counsel the opportunity to seek a protective order against such production.

11. Except as provided for in paragraph 5 herein, consented to in writing by Defendants' counsel, and ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential or Highly Confidential Material shall not be released or disclosed in any manner to any person who is known to be, or to have been, an inmate in the custody of DOCCS.

12. In the event that a party intends to file with the Court in this action any papers that attach or enclose documents containing Confidential or Highly Confidential Material produced pursuant to this Stipulation and of Confidentiality and Protective Order or that contain Confidential or Highly Confidential Material obtained from such documents, including deposition transcripts, that party shall file those materials under seal based upon the producing party's designation and pursuant to the Court's instructions for filing documents under seal. Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Confidential or Highly Confidential Material, or reference thereto, and does not redact text that in no material way reveals the Confidential or Highly Confidential Material.

13. Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents must be labeled "File under seal" (pursuant to the Individual Rules of Practice of Judge Vincent Briccetti and the Local Civil Rules of the Southern District of New York) and shall be filed electronically, ~~only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the~~ in accordance with Paragraph 3 of Judge Briccetti's Individual Practices.

6

~~following form:~~

> ~~This envelope contains Confidential or Highly Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.~~

14. No person receiving or reviewing Confidential or Highly Confidential Material pursuant to this Stipulation of Confidentiality and Protective Order shall disclose or discuss such Confidential or Highly Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential or Highly Confidential Information pursuant to this Stipulation of Confidentiality and Protective Order.

15. Confidential or Highly Confidential Material shall not be disclosed in open court without first affording adverse counsel an opportunity to contest disclosure and/or admissibility of the Confidential or Highly Confidential Information.

16. If a party objects to the designation of any document as Confidential or Highly Confidential Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential or Highly Confidential Material. Upon receipt of such an objection, counsel for the designating party shall specify from the grounds listed in paragraph 2 herein, the grounds for such a designation. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within thirty (30) days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Confidential or Highly Confidential Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

17. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the

part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

18. The production of privileged or work-product protected documents, electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

19. An inadvertent failure to designate Confidential or Highly Confidential Material as confidential may be corrected by supplemental written notice given as soon as practicable.

20. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an order compelling production of the inadvertently disclosed information. The motion shall be [electronically] filed under seal and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

21. Confidential or Highly Confidential Material produced pursuant to the terms of this Stipulation of Confidentiality and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

22. Within thirty (30) days of the conclusion of this Action, counsel shall either return to adverse counsel all Confidential or Highly Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential or Highly Confidential Information, in whole or in part, and any copies made therefrom, or shall notify adverse counsel in writing that all such Confidential or Highly Confidential Information has been destroyed.

23. Nothing in this Order shall foreclose the parties from separately negotiating and

agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation of Confidentiality and Protective Order and identified in paragraphs 2 and 6 herein.

**SO STIPULATED AND AGREED:**

Dated: March ___, 2020

By: /s/ Antony L. Ryan

Cravath, Swaine & Moore LLP
Counsel for Plaintiffs

Antony L. Ryan
Damaris Hernández
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
aryan@cravath.com
dhernandez@cravath.com

Dated: March ___, 2020

By: _____

Issa Kohler-Hausmann
127 Wall Street
New Haven, CT 06511
(347) 856-6376
Issa.kohler-hausmann@yale.edu

Dated: March ___, 2020

By: _____

Avery Gilbert
15 Shatzell Avenue
Rhinecliff, NY 12574
(845) 380-6265
avery@agilbertlaw.com

Dated: March ___, 2020

LETITIA JAMES
Attorney General, State of New York
Counsel for Defendants

By: _____

Jeb Harben
Deanna L. Collins
Assistant Attorneys General
28 Liberty Street, 18th Floor
New York, NY 10005
Tel: (212) 416-6185/8906
Jeb.Harben@ag.ny.gov
Deanna.Collins@ag.ny.gov

9

agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation of Confidentiality and Protective Order and identified in paragraphs 2 and 6 herein.

**SO STIPULATED AND AGREED:**

Dated: March ___, 2020

                Cravath, Swaine & Moore LLP
                Counsel for Plaintiffs

By: _____
Antony L. Ryan
Damaris Hernández
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
aryan@cravath.com
dhernandez@cravath.com

Dated: March 9, 2020

By: _____
Issa Kohler-Hausmann
127 Wall Street
New Haven, CT 06511
(347) 856-6376
Issa.kohler-hausmann@yale.edu

Dated: March ___, 2020

By: _____
Avery Gilbert
15 Shatzell Avenue
Rhinecliff, NY 12574
(845) 380-6265
avery@agilbertlaw.com

Dated: March ___, 2020

LETITIA JAMES
Attorney General, State of New York
Counsel for Defendants

By: _____
Jeb Harben
Deanna L. Collins
Assistant Attorneys General
28 Liberty Street, 18th Floor
New York, NY 10005
Tel: (212) 416-6185/8906
Jeb.Harben@ag.ny.gov
Deanna.Collins@ag.ny.gov

9

agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation of Confidentiality and Protective Order and identified in paragraphs 2 and 6 herein.

**SO STIPULATED AND AGREED:**

Dated: March ___, 2020

    Cravath, Swaine & Moore LLP
    Counsel for Plaintiffs

By: _____
Antony L. Ryan
Damaris Hernández
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
aryan@cravath.com
dhernandez@cravath.com

Dated: March ___, 2020

By: _____
Issa Kohler-Hausmann
127 Wall Street
New Haven, CT 06511
(347) 856-6376
Issa.kohler-hausmann@yale.edu

Dated: March 6, 2020

By: _____
Avery Gilbert
15 Shatzell Avenue
Rhinecliff, NY 12574
(845) 380-6265
avery@agilbertlaw.com

Dated: March ___, 2020

    LETITIA JAMES
    Attorney General, State of New York
    Counsel for Defendants

By: _____
Jeb Harben
Deanna L. Collins
Assistant Attorneys General
28 Liberty Street, 18th Floor
New York, NY 10005
Tel: (212) 416-6185/8906
Jeb.Harben@ag.ny.gov
Deanna.Collins@ag.ny.gov

agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation of Confidentiality and Protective Order and identified in paragraphs 2 and 6 herein.

**SO STIPULATED AND AGREED:**

Dated: March ___, 2020

                Cravath, Swaine & Moore LLP
                Counsel for Plaintiffs

By: _____
Antony L. Ryan
Damaris Hernández
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
aryan@cravath.com
dhernandez@cravath.com

Dated: March ___, 2020

By: _____
Issa Kohler-Hausmann
127 Wall Street
New Haven, CT 06511
(347) 856-6376
Issa.kohler-hausmann@yale.edu

Dated: March ___, 2020

By: _____
Avery Gilbert
15 Shatzell Avenue
Rhinecliff, NY 12574
(845) 380-6265
avery@agilbertlaw.com

Dated: March 4, 2020

                LETITIA JAMES
                Attorney General, State of New York
                Counsel for Defendants

By: _____
Jeb Harben
Deanna L. Collins
Assistant Attorneys General
28 Liberty Street, 18th Floor
New York, NY 10005
Tel: (212) 416-6185/8906
Jeb.Harben@ag.ny.gov
Deanna.Collins@ag.ny.gov

9

**SO ORDERED**

~~Dated:~~

_____
Hon. Vincent Briccetti
U.S.D.J.
4/21/2020

## **CERTIFICATION**

I certify my understanding that Confidential or Highly Confidential Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation of Confidentiality and Protective Order in <u>Flores</u>, *et al.* v. <u>Stanford</u>, *et al.*, 18-CV-2468(VB)(~~JBM~~)(JCM), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation of Confidentiality and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation of Confidentiality and Protective Order restricting the communication or use of Confidential or Highly Confidential Discovery Material, including but not limited to any notes or other transcriptions made of Confidential or Highly Confidential Discovery Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____

_____
ADDRESS

_____
TELEPHONE #

_____